CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
LAWRENCE J.H. LIU (SBN 312115)
lawrence@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for FRISCO COUNTY INC.
dba FB COUNTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FRISCO COUNTY INC. dba FB County, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOFO, INC. dba CIRRO E-COMMERCE, a New York corporation; YUNEXPRESS USA INC. dba CIRRO FULFILLMENT, a New Jersey corporation; SAKURA, a business entity unknown; ARVELINE, a business entity unknown; HIDDEN FASHION, a business entity unknown; and DOES 1-50,<br><br>Defendants. | Case No. 25-8982<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT & COUNTERFEITING [15 U.S.C.§ 1114/ Lanham Act § 31 (a)]**<br>2. **FEDERAL TRADEMARK COUNTERFEITING [15 U.S.C.§ 1114]**<br>3. **CONTRIBUTORY TRADEMARK INFRINGEMENT [15 U.S.C.§ 1114]**<br>4. **FALSE DESIGNATION OF ORIGIN/ UNFAIR COMPETITION [15 U.S.C.§ 1125(a)/ Lanham Act § 43(a)]**<br>5. **TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br>6. **COPYRIGHT INFRINGEMENT [17 U.S.C. § 501]**<br>7. **UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200]**<br><br>**DEMAND FOR TRIAL BY JURY**<br><br>Trial Date:    N/A |

COMPLAINT

Plaintiff Frisco County, Inc., dba FB County ("Plaintiff" or "FB COUNTY") files its Complaint ("Complaint") against Defendants GOFO INC. dba CIRRO E-COMMERCE, a New York corporation; YUNEXPRESS USA INC. dba CIRRO FULFILLMENT, a New Jersey corporation (together, "CIRRO"); SAKURA, a business entity of unknown status; ARVELINE, a business entity of unknown status; HIDDEN FASHION, a business entity of unknown status; and DOES 1-50, inclusive (collectively "Defendants").

## PARTIES

1.    Plaintiff FRISCO COUNTY, INC. dba FB COUNTY, is a California limited liability company registered to conduct business in the State of California with its principal place of business located in Los Angeles, California.

2.    Plaintiff is informed and believes, and on that basis alleges, that GOFO INC. dba CIRRO E-COMMERCE ("GOFO") is a New York corporation, with its principal place of business located at 5215 S. Boyle Ave Vernon, California 90058.

3.    Plaintiff is informed and believes, and on that basis alleges, that YUNEXPRESS USA, INC. dba CIRRO FULFILLMENT ("YUNEXPRESS") is a New Jersey corporation, with its principal place of business located at 5215 S. Boyle Ave Vernon, California 90058.

4.    Plaintiff is informed and believes, and on that basis alleges, that SAKURA is an unknown business entity doing business in the State of California.

5.    Plaintiff is informed and believes, and on that basis alleges, that ARVELINE is an unknown business entity doing business in the State of California.

6.    Plaintiff is informed and believes, and on that basis alleges, that HIDDEN FASHION is an unknown business entity doing business in the State of California.

7.    Plaintiff is informed and believes, and on that basis alleges, that Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1-50, inclusive, and each of them, were the agents, partners, joint

1
COMPLAINT

venturers, servants, and employees of every other Defendants and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, partnership, joint venture, service or employment.

8.    Plaintiff is informed and believes, and on that basis alleges, that Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1-50, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

9.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein identified as DOES 1 through 50, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Doe defendants by such fictitious names, and when the true names and capacities of said Doe defendants are ascertained, Plaintiff will seek to amend this pleading accordingly.

## JURISDICTION / VENUE

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff asserts claims arising under the Lanham Act (15 U.S.C. § 1051, *et seq.*), and the Copyright Act (17 U.S.C. § 101, *et seq.*). The Court also has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. §§ 1367(a) and 1338(b).

11.    This Court has personal jurisdiction over Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1-50 because they are business entities registered in California, maintain offices or facilities in California, regularly conduct business in California, and/or are located in Los Angeles County. By committing the acts alleged herein in this District, Defendants have purposefully availed themselves of the privilege of conducting business in California and have caused injury to Plaintiff within this District.

12.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred in this District, Defendants conduct business in this District, and the harm to Plaintiff was suffered in this District. Venue is also proper under 28 U.S.C. § 1400(a) because Defendants may be found in this District with respect to claims arising under the Copyright Act.

## GENERAL ALLEGATIONS

### Plaintiff's Business and the FRISCO Trademarks

13.     Plaintiff is engaged in the business of designing, manufacturing, advertising, and distributing high quality streetwear clothing and accessories, which it markets and sells under various trademarks, including, without limitation, "FRISCO COUNTY," "COUNTY FB," and "FB COUNTY" (collectively, the "FRISCO Marks"). Plaintiff has continuously used the FRISCO Marks in United States commerce and owns valid federal trademark registrations for one or more of the FRISCO Marks.

14.     Although Plaintiff has gained significant common law trademark rights based on its longstanding use in commerce of the FRISCO Marks, as well as through extensive advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining numerous federal trademark registrations. Several of these registrations have become incontestable under 15 U.S.C. § 1065 and all constitute prima facie evidence of Plaintiffs' ownership and exclusive right to use the FRISCO Marks under 15 U.S.C. § 1115(a).

15.     Plaintiff is the exclusive owner of the federally registered and common law FRISCO Marks.

///
///
///
///
///
///

3

COMPLAINT

16.    Plaintiff owns United States Patent and Trademark Office ("USPTO") registrations and applications for the following FRISCO Marks relevant to this action:

| Mark | Registration No./ Serial No. | Registration Date | Goods and Services Summary |
|---|---|---|---|
| COUNTY FB | Reg. No. 1922166 | Oct. 3, 1995 | IC 25: Clothing, namely, T-shirts, sweatshirts, pants, shorts, jackets, and headwear. |
| THERE'S A LITTLE THUG IN ALL OF US | Reg. No. 6225389 | Dec. 22, 2020 | IC 25: T-shirts and tops. |
| THE ORIGINAL CASCADE | Reg. No. 6460117 | Aug. 24, 2021 | IC 25: T-shirts and sweatshirts. |
| FB COUNTY | Reg. No. 6817483 | Aug. 16, 2022 | IC 25: Clothing, namely, T-shirts, sweatshirts, jackets, pants, and headwear. |
| FRISCO BEN | Serial No. 98396021 | Pending | IC 25: Clothing, namely, hoodies, T-shirts, and shoes. |

17.     The federal trademark registrations listed above are prima facie evidence of Plaintiff's ownership of the FRISCO Marks and the validity of those registered trademarks.

18.     Further, certain of these registrations, including COUNTY FB (Reg. No. 1922166) and THERE'S A LITTLE THUG IN ALL OF US (Reg. No. 6225389), are eligible for incontestable status under 15 U.S.C. § 1065. As such, they constitute conclusive evidence of Plaintiff's exclusive right to use those marks for the products specified in the registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

19.     Plaintiff has authorized and consented to the use of the FRISCO Marks by its licensees, authorized retailers, and wholesale partners in the United States.

20.     Plaintiff has never authorized or consented to Defendants' use of the FRISCO Marks in commerce, or any confusingly similar marks, including in connection with the manufacture, promotion, or sale of counterfeit goods.

### Plaintiff's Business

21.     Plaintiff FB COUNTY is a leading and long-standing streetwear brand that for decades has designed, manufactured, advertised, and distributed clothing and accessories under its distinctive FB COUNTY, COUNTY FB, and FRISCO COUNTY trademarks. Plaintiff's products have enjoyed sustained popularity over multiple generations of consumers, becoming recognized as a cultural staple in the streetwear market. Plaintiff operates a nationwide business through its official e-commerce platform at www.fbcountyusa.com, as well as through authorized wholesale accounts and retail partners.

22.     Plaintiff's product lines include men's, women's, and children's streetwear, such as flannel shirts, graphic t-shirts, hoodies, jackets, pants, shorts, jerseys, and related apparel, footwear, along with accessories including hats, bandanas, belts, and lifestyle items. Many of these products are offered in curated "collections" that reflect FB COUNTY's unique aesthetic and have become closely associated with the brand's identity, such as its signature heavyweight flannels and

limited-release graphic designs.

23.    Plaintiff has spent decades investing heavily in building its brand identity and consumer following through both direct wholesale sales to retailers, and more recently, through online sales via its official website and Shopify. Plaintiff has also expanded its reach through social media, loyalty and rewards programs, and exclusive "early drop" releases, all of which have attracted a wide and dedicated consumer base.

24.    Plaintiff has invested substantial time, money, and effort in developing consumer recognition and awareness of its FRISCO Marks and the products sold thereunder. Each year, Plaintiff devotes significant resources to the advertising, marketing, and promotion of its goods under the FRISCO Marks through diverse media channels, including print advertising, social media platforms, and online marketing. As a result, the FRISCO Marks have become widely known and strongly associated by consumers with Plaintiff as the source of authentic FB County apparel.

25.    As a result of Plaintiff's longstanding efforts, the consistent high quality of its products, extensive promotion, and strong word-of-mouth reputation among consumers, the FRISCO Marks have become prominently recognized by the consuming public. Consumers are familiar with Plaintiff's intellectual property and products and associate the FRISCO Marks exclusively with Plaintiff as the source of authentic, high-quality streetwear. Through this association, the FRISCO Marks and FB COUNTY's distinctive product styling have developed substantial goodwill, reputation, distinctiveness, and value in the marketplace, and are widely recognized as indicators of genuine FB COUNTY products. Indeed, the FRISCO Marks have become famous in the United States.

## Defendants' Infringing Conduct

26.    Beginning on a date unknown to Plaintiff and continuing to the present, Plaintiff is informed and believes, and on that basis alleges, that Defendants, without Plaintiff's consent, have manufactured, imported, offered for sale, advertised, sold, and distributed infringing replica "FB County," "County FB," and "Frisco County"

FROST

branded clothing and accessories. These items include, but are not limited to: shirts, jackets, sweat sets, and other apparel that copy Plaintiff's distinctive designs and trademarks. Defendants publicly advertise and sell these items using the FRISCO Marks in marketing and promotional materials, and the goods bear counterfeit FRISCO Marks but were not manufactured by Plaintiff or any authorized manufacturer.

27.    Plaintiff is informed and believes, and on that basis alleges, that Defendants operate multiple sham accounts and websites deliberately designed to mimic Plaintiff's official www.fbcountyusa.com website, and to impersonate Plaintiff's presence on social media platforms such as TikTok and Instagram. These imposter websites and accounts unlawfully copy and display Plaintiff's copyrighted advertisements, images, and trade dress, and are taken directly from FB COUNTY's genuine website and social media pages, and are calculated to mislead consumers into believing they are purchasing authentic FB COUNTY goods.

28.    Plaintiff is further informed and believes, and on that basis alleges, that Defendants use these sham entities, websites, and social media accounts to advertise and sell counterfeit and infringing FB COUNTY products through a variety of channels, including but not limited to: HIDDEN FASHION (www.hiddenfashion.store); SAKURA (sakuraco.shop) also known as as Malena Co., ARVELINE (https://arveline.com/), the TikTok shop for user @encouragelaty, the TikTok shop for user @OGset, and the TikTok shop for user NRZ Clothing. Many of these accounts, posts, and even entire websites have since disappeared or attempted to conceal their digital imprint online, further demonstrating Defendants' intent to evade detection and accountability.

29.    On August 11, 2025, as part of its ongoing investigation into infringing uses of the FRISCO Marks and the online advertisement and sale of counterfeit FB COUNTY products, Plaintiff purchased FB COUNTY-branded goods from one of Defendants' sham websites, sakuraco.shop, which was operating under the business

name "SAKURA." This counterfeit website was discovered through an infringing TikTok account, which unlawfully copied and displayed FB COUNTY's copyrighted advertising materials to mislead consumers. The fake TikTok account directed users to the "SAKURA" website, where Defendants promoted and sold counterfeit FB COUNTY products at discounted prices, falsely passing them off as genuine.

30.    Plaintiff received the goods purchased from the "SAKURA" website on September 8, 2025 and confirmed that the products were counterfeit. More specifically, the goods received included a dupe of FB COUNTY's popular "tatted up" sweat set. The items bore unauthorized reproductions of the FRISCO Marks and FB COUNTY designs, were of substantially inferior quality compared to genuine FB COUNTY apparel, and were not manufactured, authorized, or approved by Plaintiff. The shipping label bore a return address of 5215 S. Boyle Avenue, Vernon, California 90058, which on information and belief, is an address that is a facility operated by CIRRO. On information and belief, Defendants used CIRRO's facility to store, package and distribute counterfeit FB COUNTY products in furtherance of their unlawful scheme.

31.    Plaintiff is further informed and believes, and on that basis alleges, that CIRRO provides fulfillment, warehousing, and shipping services for Defendants, and that Defendants have deliberately used CIRRO's facility at 5215 S. Boyle Avenue, Vernon, California 90058 to conceal their identities and facilitate the distribution of counterfeit FB COUNTY goods.

32.    On information and belief, CIRRO's facility has been repeatedly used to ship counterfeit apparel bearing the FRISCO Marks to consumers throughout the United States, including Plaintiff's August 11, 2025 test purchase. By enabling Defendants to move counterfeit goods through its logistics network, CIRRO played a material role in furthering Defendants' unlawful counterfeiting enterprise.

33.    Plaintiff is informed and believes, and on that basis alleges, that CIRRO knew or should have known that its facility was being used to package and distribute

counterfeit goods. The use of this return address for shipments of infringing goods, combined with the nature and scale of the counterfeit operation, provides clear indicators that CIRRO was facilitating unlawful activity.

34.     The counterfeit apparel distributed through CIRRO was of substantially inferior quality compared to genuine FB COUNTY products, with cheap fabric, substandard stitching, thin material, and overall poor workmanship, all of which harm Plaintiff's reputation and goodwill.

35.     Plaintiff is informed and believes, and on that basis alleges, that Defendants continue to advertise, offer for sale, and sell counterfeit FB COUNTY products through sham websites and social media accounts that mimic Plaintiff's genuine platforms, causing ongoing harm to Plaintiff's brand, reputation, and goodwill.

36.     Defendants likewise continue to copy and publicly display Plaintiff's copyrighted advertisements, social media content, and product designs (collectively, the "FB County Copyrighted Works") in connection with the promotion and sale of counterfeit FB COUNTY products. For example, the sham websites and fake TikTok accounts operated by Defendants prominently feature unauthorized exact reproductions of Plaintiff's copyrighted advertisements and product images to mislead consumers into believing the counterfeit goods are genuine.

37.     Defendants have willfully and recklessly continued to reproduce, distribute, and display FB County Copyrighted Works in furtherance of their unlawful scheme, depriving Plaintiff of control over its creative content and further diluting the value of the FB County Copyrighted Works.

38.     Plaintiff is informed and believes, and on that basis alleges, that Defendants violated and continue to violate Plaintiff's exclusive rights in the FRISCO Marks by using marks that are identical to and/or confusingly similar to the FRISCO Marks to confuse consumers and promote and sell counterfeit FB COUNTY apparel.

39.     Plaintiff is informed and believes, and on that basis alleges, that

Defendants' infringing uses of the FRISCO Marks in commerce began long after Plaintiff's adoption and use of the FRISCO Marks, after Plaintiff obtained the trademark registrations alleged above, and after the FRISCO Marks became famous and widely recognized. Neither Plaintiff nor any authorized agent of Plaintiff has ever consented to Defendants' use of the FRISCO Marks.

40.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' actions were committed intentionally, in bad faith, and with the intent to infringe and dilute the FRISCO Marks, to cause consumer confusion and mistake, and to deceive the public as to the source, sponsorship, and/or affiliation of Defendants and their counterfeit goods. Through this unlawful conduct, Defendants have directly traded upon and diminished Plaintiff's goodwill and reputation.

41.    Defendants' infringement is not accidental or incidental. It is deliberate and willful. Defendants are using the exact same FRISCO Marks and FB COUNTY designs on counterfeit apparel and in connection with websites and advertisements that are designed to be indistinguishable from Plaintiff's genuine platforms. This includes copying Plaintiff's copyrighted advertising images, logos, and product designs wholesale, without alteration, to create sham websites and social media accounts that misrepresent counterfeit goods as authentic FB COUNTY merchandise.

42.    Such conduct demonstrates that Defendants' scheme is calculated to deceive consumers, trade directly on Plaintiff's goodwill, and maximize profits by intentionally passing off inferior counterfeit apparel as genuine FB COUNTY products.

43.    In committing these acts, all of which have and will continue to cause irreparable harm to Plaintiff, Defendants have, among other things, willfully and in bad faith: (i) infringed, tarnished, and diluted Plaintiff's rights in the FRISCO Marks; (ii) used counterfeit versions of the FRISCO Marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiff; (iv) misled the public into believing Plaintiff endorses or sponsors Defendants' counterfeit

goods; (v) used false designations of origin in connection with their goods; (vi) infringed FB County Copyrighted Works; and (v) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks against Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1 through 50, Inclusive)**

**[15 U.S.C. § 1114/Lanham Act§ 32(a)]**

44.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

45.    Plaintiff has continuously used the FRISCO Marks in interstate commerce in connection with the design, manufacture, marketing, and sale of FB County apparel and accessories.

46.    Plaintiff FB County, Inc. is the exclusive owner of all right, title, and interest in and to the FRISCO Marks, with standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

47.    Defendants did not and have never obtained Plaintiff's consent or authorization to use the FRISCO Marks in commercial advertising, or to import, manufacture, sell, offer for sale, or distribute products bearing the FRISCO Marks in commerce.

48.    Plaintiff is informed and believes, and on that basis alleges, that Defendants were, at all relevant times, actually aware that Plaintiff is the registered owner of the FRISCO Marks and that their sale of FRISCO-branded goods and marketing materials unlawfully exploited those marks.

49.    Plaintiff is informed and believes, and on that basis alleges, that Defendants intentionally and knowingly used in commerce reproductions, copies, and/or colorable imitations of the FRISCO Marks in connection with the promotion,

advertisement, sale, and distribution of counterfeit FB County products, including apparel packaged and shipped from CIRRO's Vernon, California facility.

50.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have imported, transported, offered for sale, sold, and distributed goods bearing Plaintiff's FRISCO Marks to consumers online through sham copycat websites and fake social media accounts designed to mimic Plaintiff's genuine platforms.

51.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' egregious and intentional importation, advertising, sale, and distribution of goods bearing Plaintiff's FRISCO Marks is likely to cause confusion, mistake, and deception among consumers, misleading them into believing that Defendants' products are authentic FB County products manufactured, sponsored, or authorized by Plaintiff. In fact, Defendants' use of counterfeit FRISCO Marks has already caused actual consumer confusion. FB County has received multiple inquiries and complaints from customers who mistakenly believed that the accounts and websites belong to FB County or who purchased genuine FB County products but in fact purchased Defendants' counterfeit goods. These confused customers have asked FB County why their orders were late, never delivered, or of such inferior quality, further demonstrating that Defendants' conduct has deceived consumers and harmed Plaintiff's reputation and goodwill.

52.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the FRISCO Marks, and with bad faith and the intent to cause consumer confusion, mistake, and deception in order to trade unfairly on Plaintiff's reputation.

53.    Plaintiff is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to its

rights in and to the FRISCO Marks, as well as the goodwill associated therewith, for which it has no adequate remedy at law. Accordingly, Plaintiff seeks injunctive relief.

54.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' continued knowing and willful importation, advertising, sale, and distribution of goods bearing Plaintiff's FRISCO Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetory damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(Trademark Counterfeiting against Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1 through 50, Inclusive)**

**[15 U.S.C. § 1114]**

55.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action

56.      Plaintiff is the exclusive owner of the registered FRISCO Marks, which are valid, subsisting, and incontestable, and which have been used continuously in commerce in connection with FB County's authentic apparel and accessories.

57.     Defendants, without authorization, have manufactured, imported, advertised, offered for sale, sold, and distributed counterfeit apparel bearing spurious marks that are identical with, or substantially indistinguishable from, Plaintiff's registered FRISCO Marks, in connection with goods covered by Plaintiff's registrations.

58.     Defendants' counterfeit goods were marketed and sold through sham websites, fake social media accounts, and other deceptive channels, including goods packaged and shipped from CIRRO's Vernon, California facility, all of which were

intended to mislead consumers into believing the counterfeit apparel originated from or was authorized by Plaintiff.  Plaintiff has already received multiple inquiries and complaints from customers who mistakenly believed they purchased genuine FB County products but in fact purchased Defendants' counterfeit goods. These confused customers have asked FB County why their orders were late, never delivered, or of such inferior quality, further demonstrating that Defendants' conduct has deceived consumers and harmed Plaintiff's reputation and goodwill.

59.    On August 11, 2025, Plaintiff purchased counterfeit apparel from one of Defendants' sham websites. The counterfeit apparel bore the FRISCO Marks and was shipped from 5215 S. Boyle Avenue, Vernon, California 90058, a facility operated by CIRRO. The counterfeit products were of substantially inferior quality compared to authentic FB County apparel and were not manufactured or authorized by Plaintiff.

60.    Defendants' acts constitute willful counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114, because Defendants intentionally used the identical FRISCO Marks on counterfeit goods to deceive and defraud consumers into purchasing counterfeit products under the false belief that they were authentic FB County apparel.

61.    As a direct and proximate result of Defendants' counterfeiting, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of control over its brand, reputational harm, diversion of sales, dilution of goodwill, and consumer confusion. Plaintiff has no adequate remedy at law.

62.    Pursuant to 15 U.S.C. § 1117(b) and (c), Plaintiff is entitled to enhanced remedies, including (a) treble damages or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold; (b) an award of attorneys' fees and costs; and (c) injunctive relief to prevent further sales of counterfeit FRISCO-branded products.

63.    Plaintiff is informed and believes, and on that basis alleges, that Defendants possess counterfeit goods, packaging, promotional materials, labels, hangtags, advertisements, and other articles bearing spurious imitations of Plaintiff's

1  FRISCO Marks.

2      64.    Pursuant to 15 U.S.C. §§ 1116(d) and 1118, Plaintiff is entitled to an

3  order for the seizure of all counterfeit goods and related materials in Defendants'

4  possession, custody, or control, as well as an order requiring the destruction of such

5  items, to prevent their continued use in furtherance of Defendants' unlawful

6  counterfeiting scheme.

7      65.    Seizure and destruction of counterfeit goods and related materials are

8  necessary to prevent further irreparable harm to Plaintiff, including consumer

9  confusion, reputational damage, and dilution of the goodwill associated with the

10 FRISCO Marks.

11              **THIRD CAUSE OF ACTION**

12      **(Contributory Trademark Infringement against Defendants**

13                **YUNEXPRESS, GOFO, and**

14              **DOES 1 through 50, Inclusive)**

15                **[15 U.S.C. § 1114]**

16     66.    Plaintiff hereby incorporates by reference each of the other allegations

17 set forth elsewhere in this Complaint as though fully set forth in this cause of action.

18     67.    Plaintiff is the exclusive owner of the FRISCO Marks, which are valid

19 federally registered trademarks in connection with authentic FB County apparel and

20 accessories.

21     68.    Defendants have directly infringed the FRISCO Marks by

22 manufacturing, importing, advertising, distributing, and selling counterfeit FB County

23 apparel bearing trademarks identical to or substantially indistinguishable from

24 Plaintiff's registered trademarks.

25     69.    Defendants, including CIRRO and Does 1-50, knowingly contributed to

26 the infringement of the FRISCO Marks by providing facilities, services, and logistical

27 support used to package, label, store, ship, and distribute counterfeit FB County

28 products bearing counterfeit FRISCO Marks.

70.     Plaintiff is informed and believes, and on that basis alleges, that CIRRO and Does 1-50 knew or should have known that its facilities were being used to traffic in counterfeit FRISCO-branded apparel. The counterfeit goods purchased by Plaintiff on August 11, 2025, were packaged and shipped from CIRRO's Vernon, California facility, which evidences CIRRO's direct participation in the unlawful distribution chain.

71.     By providing substantial assistance to the other Defendants in the storage, shipment, and distribution of counterfeit goods bearing the FRISCO Marks, CIRRO and Does 1-50 intentionally induced, caused, or materially contributed to the infringing activities.

72.     The conduct by CIRRO and Doe Defendants constitutes contributory trademark infringement under the Lanham Act.

73.     As a direct and proximate result of CIRRO and Doe Defendants' contributory infringement and facilitation of the counterfeit scheme, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of control over its brand reputation, dilution of goodwill, diversion of sales, and consumer confusion.

74.     Plaintiff is entitled to all remedies available under 15 U.S.C. §§ 1116 and 1117, including injunctive relief, statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, treble damages for willful infringement, attorneys' fees, and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# **FOURTH CAUSE OF ACTION**

**(False Designation of Origin & Unfair Competition against Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1 through 50, Inclusive)**

**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

75.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

76.    Plaintiff, as the owner of all common law right, title, and interest in and to the FRISCO Marks, as well as the exclusive owner of federal registrations for those marks, has standing to maintain an action for false designation of origin and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125).

77.    Plaintiff's FRISCO Marks are inherently distinctive and, through decades of continuous use, have also acquired distinctiveness and fame among consumers nationwide.

78.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, without authorization, have used in commerce marks identical or confusingly similar to the FRISCO Marks in connection with counterfeit goods, advertisements, and sham websites and social media accounts, and have made false designations of origin that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' counterfeit goods and commercial activities. Defendants' fake websites are deliberately designed to mimic Plaintiff's official www.fbcountyusa.com website, and their counterfeit social media accounts copy Plaintiff's copyrighted advertising images, videos and product designs to reinforce the false impression of authenticity.

79.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and has already caused actual consumer confusion, including

complaints from customers about late deliveries, missing products, and inferior quality. Such conduct is likely to further mislead, betray, and defraud consumers into believing that the counterfeit goods are genuine FB County products. Unless immediately restrained, Defendants will continue to injure Plaintiff, causing damages in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the FRISCO Marks.

80.     Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff for which it has no adequate remedy at law, including loss of control over its reputation, dilution of brand equity, diversion of sales, and harm to goodwill.

81.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct has been knowing, deliberate, and willful, undertaken with the intent to cause confusion, mistake, and deception in blatant disregard of Plaintiff's rights.

82.     Defendants' actions constitute false designation of origin and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), entitling Plaintiff to injunctive relief, monetary damages, and all other remedies provided by the Lanham Act, including disgorgement of Defendants' profits, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## FIFTH CAUSE OF ACTION

**(Trademark Dilution against Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1 through 50, Inclusive)**

**[15 U.S.C. § 1125(c)]**

83.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

84.     Plaintiff's FRISCO Marks are distinctive and famous within the meaning

of 15 U.S.C. § 1125(c). The FRISCO Marks have been widely recognized by consumers for decades as designating authentic, high-quality streetwear apparel, and they are associated exclusively with Plaintiff.

85.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct in manufacturing, advertising, and selling counterfeit FB County products bearing the FRISCO Marks dilutes the distinctiveness of Plaintiff's famous marks by blurring and tarnishment.

86.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' unlawful actions began long after Plaintiff's FRISCO Marks had become distinctive and famous. Defendants acted knowingly, deliberately, and willfully with the intent to trade on Plaintiff's reputation and to dilute the FRISCO Marks. Defendants' conduct is willful, wanton, and egregious.

87.    Plaintiff is informed and believes, and on that basis alleges, that the counterfeit apparel sold and shipped by Defendants, including the August 11, 2025 test purchase received from 5215 S. Boyle Avenue, Vernon, California 90058 (a facility operated by CIRRO), is of substantially inferior quality compared to authentic FB County products. The fabric and overall workmanship of the counterfeit goods are of substantially lower quality and are likely to cause consumers to associate that poor quality imitations with Plaintiff's genuine products.

88.    The actions of Defendants complained of herein have diluted, and will continue to dilute, the FRISCO Marks. Defendants' conduct is likely to impair the distinctiveness, strength, and value of Plaintiff's FRISCO Marks and to injure Plaintiff's business reputation and the goodwill associated with those marks.

89.    Defendants' unauthorized use of the FRISCO Marks on counterfeit goods has caused, and will continue to cause, irreparable harm to Plaintiff's goodwill, brand equity, and standing in the marketplace.  Plaintiff has no adequate remedy at law to fully compensate for the damages already caused, and which will continue to be caused, by Defendants' unlawful acts unless Defendants are enjoined by this Court.

90.    Plaintiff has already received multiple inquiries and complaints from customers who mistakenly believed they purchased genuine FB County products but in fact purchased Defendants' counterfeit goods. These confused customers have asked FB County why their orders were late, never delivered, or of such inferior quality, further demonstrating that Defendants' conduct has deceived consumers and harmed Plaintiff's reputation and goodwill.

91.    As the acts alleged herein constitute a willful violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), Plaintiff is informed and believes, and on that basis alleges, that it is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorneys' fees, costs, and prejudgment interest.

## SIXTH CAUSE OF ACTION

**(Copyright Infringement against Defendants YUNEXPRESS , GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1 through 50, Inclusive)**

**[17 U.S.C. § 501 et al.]**

92.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

93.    Plaintiff is the owner of numerous copyrighted works, including original FB County advertising photographs and videos, social media content, and product designs (the "FB County Copyrighted Works").

94.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, without authorization, have copied, reproduced, distributed, and publicly displayed the FB County Copyrighted Works in connection with the promotion and sale of counterfeit FB County products. This includes copying Plaintiff's copyrighted advertisements and product images to create fake websites and social media accounts that are confusingly similar to Plaintiff's genuine platforms.

95.    On August 11, 2025, Plaintiff purchased counterfeit apparel from one such sham website operated by Defendants. The counterfeit goods Plaintiff received were packaged and shipped from 5215 S. Boyle Avenue, Vernon, California 90058, a facility operated by CIRRO. The counterfeit apparel purchased by Plaintiff not only bore unauthorized reproductions of the FRISCO Marks, but also embodied and displayed unauthorized copies of Plaintiff's FB County Copyrighted Works and product styling.

96.    Plaintiff is informed and believes, and on that basis alleges, that CIRRO provided material support and services that enabled Defendants' infringement by packaging, storing, and shipping infringing goods that incorporated FB County Copyrighted Works, and that CIRRO knew or should have known its facility was being used to traffic infringing products.

97.    Plaintiff is informed and believes, and on that basis alleges, that CIRRO had the right and ability to supervise and control the operations of its distribution facility and the shipments of FB County Copyrighted Works originating there, yet failed to exercise such control to prevent infringement.

98.    Plaintiff is informed and believes, and on that basis alleges, that CIRRO also derived a direct financial benefit from the infringing activity because it was paid to provide storage, packaging, and distribution services for infringing goods that unlawfully embodied FB County Copyrighted Works.

99.    Defendants' acts constitute willful copyright infringement in violation of 17 U.S.C. § 501, causing substantial harm to Plaintiff, including loss of control over its creative works, lost licensing revenue, reputational injury, and diversion of sales.

100.    By knowingly facilitating, materially contributing to, and/or deliberately disregarding Defendants' copyright infringement, CIRRO is liable for contributory copyright infringement under 17 U.S.C. § 501.

101.    CIRRO's conduct has caused and, unless enjoined, will continue to cause substantial harm to Plaintiff, including loss of control over its copyrighted works,

reputational injury, and diversion of sales.

102.   Defendants' unauthorized use of the FB County Copyrighted Works has caused, and will continue to cause, irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law and which will continue to be caused by Defendants' unlawful acts unless Defendants are enjoined by this Court pursuant to 17 U.S.C. § 502.

103.   Plaintiff is entitled to injunctive relief, statutory and actual damages, CIRRO's profits, and an award of costs and attorneys' fees under 17 U.S.C. §§ 502 through 505.

104.   Plaintiff further requests that the Court, pursuant to 17 U.S.C. §§ 503 and 509, order the impoundment of all infringing goods, counterfeit apparel, advertising materials, packaging, labels, and related promotional content in Defendants' possession, custody, or control, including materials stored or distributed through CIRRO or any other third party. Plaintiff also seeks an order directing the destruction of all infringing copies bearing or embodying FB County Copyrighted Works, along with all plates, molds, masters, and digital files used to create such infringing materials.

## SEVENTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices against Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1 through 50, Inclusive)**

**[California Business & Professions Code § 17200 *et seq.*]**

105.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

106.   Plaintiff is informed and believes, and on that basis alleges, that by marketing, advertising, promoting, selling, importing, transporting, and distributing counterfeit apparel and accessories, Defendants' unauthorized use of the FRISCO

Marks on sham websites, TikTok, Instagram, and other online platforms, as well as in connection with the sale and shipment of counterfeit goods, is in violation and derogation of Plaintiff's rights. Defendants' conduct is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, or quality of Defendants' goods, thereby causing loss, damage, and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage, and injury.

107. Plaintiff is informed and believes, and on that basis alleges, that Defendants knew, or by the exercise of reasonable care should have known, that their unauthorized use of the FRISCO Marks in connection with counterfeit goods, websites, and social media accounts would cause confusion, mistake, or deception among purchasers, users, and the public.

108. Plaintiff is informed and believes, and on that basis alleges, that by using the FRISCO Marks on counterfeit apparel and in fake advertisements designed to mimic Plaintiff's genuine marketing, Defendants intended to, did, and will continue to induce customers to purchase counterfeit products by trading off the extensive goodwill built up by Plaintiff in the FRISCO Marks. Customers have already expressed actual confusion by contacting Plaintiff to complain about late, undelivered, or poor-quality products they believed came from FB County but were actually counterfeit.

109. Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct has been knowing, deliberate, and willful, intended to cause confusion, mistake, or deception, and carried out in disregard of Plaintiff's rights.

110. Plaintiff is informed and believes, and on that basis alleges, that Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial profits on the strength of Plaintiff's nationwide marketing, advertising, sales, and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be deprived of

substantial sales of genuine FB County products and has been and will continue to be deprived of the value of the FRISCO Marks as commercial assets, in an amount to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and Plaintiff's actual and compensatory damages.

111.   Plaintiff is informed and believes, and on that basis alleges, that Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiff seeks injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants YUNEXPRESS, GOFO, SAKURA, ARVELINE, HIDDEN FASHION, and DOES 1-50, and each of them, as follows:

A.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §§ 1114(a) and 1117(a);

B.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

C.   For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

D.   For statutory damages of up to $2,000,000.00 per counterfeit mark, per type of goods imported, sold, offered for sale, and/or distributed under 15 U.S.C. § 1117(c);

E.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

F.   For an award of Plaintiff's actual damages, statutory damages, and Defendants' profits for copyright infringement under 17 U.S.C. §§ 504, 505,

1  including enhanced damages for willful infringement;

2      G.    For an order directing the impoundment and destruction of all counterfeit

3  and infringing goods, packaging, labels, advertising, and promotional materials in

4  Defendants' possession or control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

5      H.    For restitution, disgorgement of profits, and injunctive relief under

6  California Business and Professions Code § 17200 et seq.;

7      I.    For preliminary and permanent injunctive relief enjoining Defendants,

8  their officers, agents, servants, employees, representatives, successors, assigns, and

9  all persons acting in concert with them, from further infringement, dilution,

10  counterfeiting, or unfair competition with respect to Plaintiff's FRISCO Marks and

11  FB County Copyrighted Works;

12      J.    For an award of Plaintiff's reasonable attorneys' fees, costs, and

13  prejudgment interest as permitted by law, including under 15 U.S.C. § 1117 and 17

14  U.S.C. § 505; and

15      K.    For such other and further relief as the Court may deem just and

16  equitable.

17

18  DATED:  September 19, 2025    FROST LLP

19

20

21      By: _____

22      CHRISTOPHER FROST

    LAWRENCE J.H. LIU

23      Attorneys for FRISCO COUNTY INC. dba

    FB COUNTY

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demand a trial by jury on all issues and causes of action triable

3 by jury.

4

5 DATED:  September 19, 2025      FROST LLP

6

7

8                    By: _____

9                       CHRISTOPHER FROST

10                     LAWRENCE J.H. LIU
Attorneys for FRISCO COUNTY INC. dba FB COUNTY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT